## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN W. MCDOWELL, JR., )
)
     Plaintiff, )
)
v. )    Civil Action No. 12-1302-SLR-SRF
)
UNITED STATES OF AMERICA Through )
ERIC HOLDER, ATTORNEY GENERAL )
(USA), CHARLES OBERLY, UNITED )
STATES ATTORNEY, and KATHLEEN )
SEBELIUS, SECRETARY HHS; )
AND )
KANNALIFE SCIENCES INC., )
)
     Defendants. )

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Presently before the court in this patent infringement action are the following motions:

(1) a motion to dismiss plaintiff John W. McDowell, Jr.'s ("McDowell") complaint for lack of

subject matter jurisdiction and failure to state a claim of patent infringement, filed by defendant

Kannalife Sciences Inc. ("Kannalife") (D.I. 8); and (2) a motion to dismiss for lack of subject

matter jurisdiction, filed by the United States (D.I. 12). For the following reasons, I recommend

that the court grant the motions to dismiss without prejudice.

### II.    BACKGROUND

United States Patent 7,597,910 ("the '910 patent") issued on October 6, 2009 to

McDowell, the named inventor. The '910 patent is directed to compositions and methods for

treating prostate disorders using a mixture of cannabis, shiitake mushrooms, and maitake

mushrooms. (D.I. 1 at ¶ 2) The '910 patent was subsequently assigned and remains assigned to

SLGM Medical Research Institute (Rehoboth, DE) ("SLGM"). (D.I. 9, Ex. 2)[1] On October 9,

2012, McDowell filed a *pro se* complaint against Kannalife and the United States, alleging that

he is the owner of the '910 patent and that the defendants infringed the patent. (D.I. 1)

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of

jurisdiction over the subject matter, or if the plaintiff lacks standing to bring its claim. Motions

brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject

matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to

Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint

as true, and the court may only consider the complaint and documents referenced in or attached

to the complaint. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In

reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined

to the allegations in the complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d

884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings,

including affidavits, depositions and testimony, to resolve any factual issues bearing on

jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's

---

[1] Kannalife attaches to its brief a copy of the '910 patent and an exhibit entitled "Patent Assignment Abstract of Title" from the United States Patent and Trademark Office's ("PTO") website. (D.I. 9, Exs. 1 & 2) Generally, when materials outside the pleadings are presented on a motion to dismiss under Rule 12(b)(6), the motion is treated as one for summary judgment. Fed. R. Civ. P. 12(d); *see also Adkins v. Rumsfeld*, 450 F. Supp. 2d 440, 444 (D. Del. 2006). However, some materials may be considered without converting the motion to dismiss into a motion for summary judgment. The court is not limited to the four corners of the complaint and may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2004)). The '910 patent and the patent assignment information are public records. Therefore, the court may consider the exhibit without converting Kannalife's motion to dismiss to a motion for summary judgment. The court may consider matters outside the pleadings when ruling on a Rule 12(b)(1) motion. *See Watson v. Dep't of Servs. for Children, Youths & Their Families Del.*, C.A. No. , 2012 WL 1134512, at *1 n.2 (D. Del. Mar. 30, 2012).

subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

## B.    Rule 12(b)(6)

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 663. The court "need not accept as true threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

Following the Supreme Court's decision in *Iqbal*, district courts have conducted a two-part analysis in determining the sufficiency of the claims. First, the court must separate the factual and legal elements of the claim, accepting the complaint's well-pleaded facts as true and disregarding the legal conclusions. *Iqbal*, 556 U.S. at 663. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Second, the court must determine whether the facts alleged in the complaint state a plausible claim by conducting a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not

3

'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.   DISCUSSION

### A.   Lack of Subject Matter Jurisdiction

#### 1.   Kannalife's motion to dismiss

In support of its motion to dismiss, Kannalife alleges that the plain face of the '910 patent, as well as the current PTO assignment records, demonstrate that the owner of the '910 patent is SLGM, not McDowell. (D.I. 9 at 2)  According to Kannalife, the law is well-established that a plaintiff has no right to sue for patent infringement unless it can demonstrate that it owns the rights to the patent.  (*Id.*)

In response, McDowell concedes that the facts submitted by Kannalife are "on point." (D.I. 11 at 1)  Despite the concession, McDowell alleges that Kannalife's arguments fail because McDowell and SLGM are "one and the same."  (*Id.*)

Determining whether a party has standing to sue is a question of law.  *MHL TEK, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011) (internal citations omitted).  To have standing, the plaintiff must demonstrate:  (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) redressability.  *Id.*  "Courts also recognize three prudential principles that must be considered in the standing analysis: (1) a party generally must litigate its own rights and not the rights of a third party; (2) the question must not be an abstract, generalized grievance; and (3) the harm must be in the zone of interests protected by the statute or constitutional provision at issue."  *In re Rosuvastatin Calcium Patent Litig.*, 719 F. Supp. 2d 388, 398 (D. Del. 2010) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 474-75 (1982)).

4

In patent infringement actions, only the owner of the patent has standing to sue. *MHL TEK, LLC*, 655 F.3d at 1274 ("[t]he party holding the exclusionary rights to the patent suffers legal injury in fact under the statute."); *see also Abbott Point of Care, Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012) ("Only a patentee may bring an action for patent infringement."); 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."). "[I]f a patentee transfers 'all substantial rights' to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). The plaintiff bears the burden to show its ownership rights to support standing. *Abbott Point of Care*, 666 F.3d at 1302.

In the present matter, the face of the '910 patent and the assignment records maintained by the PTO indicate that McDowell assigned his patent rights to SLGM. (D.I. 9, Exs. 1 & 2) McDowell has not met his burden to show that the ownership rights were transferred from SLGM to him, and that he is currently the owner of the '910 patent. To the extent that McDowell alleges that he represents SLGM in the present action, his arguments fail because SLGM is not a named plaintiff in this action. Moreover, as a non-attorney, McDowell is not permitted to represent SLGM. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council* , 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *see also D-Beam v. Roller Derby Skate Corp.*, 316 F. App'x 966, 967 (Fed. Cir. 2008) (holding that inventor who assigned his patent rights to holding company he formed could not represent holding company in litigation). In view of the foregoing authority, I recommend that the court grant Kannalife's motion to dismiss for lack of standing.

## 2.    The United States' motion to dismiss

The United States contends that McDowell lacks standing to bring claims against the

United States for patent infringement because 28 U.S.C. § 1498 grants the United States Court of

Federal Claims exclusive jurisdiction to hear all claims of patent infringement against the United

States.[2]  (D.I. 12 at ¶ 4)

Section 1498 of Title 28 grants the United States Court of Federal Claims exclusive

jurisdiction to hear all claims of patent infringement against the United States:

> Whenever an invention described in and covered by a patent of the United States
> is used or manufactured by or for the United States without license of the owner
> thereof or lawful right to use or manufacture the same, the owner's remedy shall
> be by action against the United States in the United States Court of Federal
> Claims for the recovery of his reasonable and entire compensation for such use
> and manufacture.

28 U.S.C. § 1498; *see also Crater Corp. v. Lucent Techs., Inc.*, 255 F.3d 1361, 1364 (Fed. Cir.

2001).  Pursuant to the statute, McDowell lacks standing to seek relief for patent infringement

against the United States in this court.  Therefore, I recommend that the court grant the United

States' motion to dismiss without prejudice.  McDowell's claims against the United States, as

alleged in the pending complaint, can only be litigated in the United States Court of Federal

Claims.

---

[2] The United States alleges that McDowell's use of the word "through" in the caption suggests that he did not intend
to name Attorney General Eric Holder, Health and Human Services Secretary Kathleen Sebelius, and United States
Attorney Charles Oberly as individual defendants. (D.I. 12 at 3 n.3)  The United States further notes that the body
of the complaint lists only the United States and Kannalife as defendants, and alleges that even if the individuals
listed were to be sued in their individual capacity, they should also be dismissed pursuant to 28 U.S.C. § 1498. (*Id.*)
The court agrees that the complaint alleges causes of action only against the United States, Kannabis, and
"defendants" collectively.  Other than their identification in the case caption, the individual defendants are not
mentioned by name, nor are specific allegations made against any of them in the three paragraph complaint. (D.I. 1)

**B.     Failure to State a Claim**

For the reasons set forth above, McDowell lacks standing to bring his claims for patent infringement, and there is no need to reach the Rule 12(b)(6) bases for dismissal of these claims. However, McDowell's complaint also alleges that "[t]his action also arises under the United States Constitution, specifically, the 5th and 14yh [sic] amendments rightto [sic] due process and equal protection of the law. The 'Commerce Clause' also is relevant to this action." (D.I. 1 at ¶ 1.(b))  This paragraph does not contain any factual allegations regarding how the defendants' conduct meets the elements of the asserted causes of action as required by *Twombly* and *Iqbal*. To the extent that the complaint alleges causes of action for violations of his Due Process, Equal Protection, or Commerce Clause rights, I recommend that the court dismiss those claims for failure to state a claim upon which relief can be granted.

**V.     CONCLUSION**

For the reasons discussed above, I recommend that the court grant without prejudice: (1) Kannalife's motion to dismiss (D.I. 8), and (2) the United States' motion to dismiss (D.I. 12).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

7

The parties are directed to the court's Standing Order In Pro Se Matters For Objections

Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available at

http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: May 10, 2013

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

8